MO. PAC. R'Y CO. v. M. B. CURTIS.

(No. 5314.)

APPEAL from Travis County.   Opinion by HURT, J.

MAXEY & FISHER, counsel for appellant.

SNEED, PENDEXTER & BURLESON, counsel for appellee.

§ 311. *Special contract of carriage; facts held to con-
stitute a; case stated.*   Appellee sued appellant to recover
damages for breach of a special contract of carriage, and
recovered judgment for $490.   Appellee was the pro-
prietor of a theatrical company, and had his company in
Marshall, Texas.   He had advertised to give a perform-
ance of his company in Austin, Texas, on the evening of
February 4.   On the morning of February 3 he informed
the ticket agent of appellant at Marshall of his engage-
ment to be at Austin and perform there on the evening
of the 4th, the next day, and that it was necessary that
he should take the evening train on the 3d and make all
connections in order to reach Austin in time to meet his
said engagement.   With this notice to said agent, said
agent sold and delivered to appellee tickets for himself
and troupe from Marshall to Austin.   Other circum-
stances were proved tending to show that said ticket
agent at the time he sold said tickets knew that they
were for a theatrical troupe, etc.   The train on which
appellee with his troupe took passage was delayed at
Taylor, waiting for the train coming south from Kansas,
said last-named train having been delayed in Kansas and
the Indian Territory by heavy snow storms.   In conse-
quence of the delay at Taylor, appellee did not arrive
with his troupe in Austin in time to give the performance
he had advertised, and was thereby damaged in the sum
for which he recovered judgment.   *Held:* The sale of
the tickets by appellant's agent was made upon notice of

what appellant was required to do, and it constituted a special contract of carriage. The detention of the connecting train by snow storms was not the proximate cause of the damage occasioned appellee by the delay at Taylor. It was shown that appellant had ample facilities at Taylor for transporting appellee and his troupe on to Austin in time to meet his engagement there. Appellant's failure to do this was the proximate cause of the damage. Having contracted to transport appellee and his troupe to Austin by a certain time, it was bound to perform such contract when it was reasonably within its power to do so.

June 18, 1887.	Affirmed.